[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10302
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00191-SCJ-ECS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VINCENTE RAMERIZ-RODRIGUEZ,
a.k.a. Luis Fernando,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 6, 2015)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jose Rameriz-Rodriguez appeals his total 70-month sentence imposed—at the low end of the advisory Guidelines range of 70 to 87 months—after pleading guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1), one count of conspiracy to transport stolen goods, in violation of 18 U.S.C. § 371 (Count 2), and one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a), 2 (Count 3).  On appeal, Rameriz-Rodriguez asserts that (1) the district court erred in denying Rameriz-Rodriguez a two-level reduction for his minor participation in the offense under U.S.S.G. § 3B1.2(b), and (2) his total sentence was procedurally and substantively unreasonable because the district court improperly applied the 18 U.S.C. § 3553(a) factors to the facts and circumstances relevant to his case.  We address each argument in turn.

## I. Minor-Role Reduction

Rameriz-Rodriguez argues that he was entitled to a two-level reduction for his role in the offense, averring he was only a "minor participant."  *See* U.S.S.G. § 3B1.2(b).  A defendant qualifies as a "minor participant" if he is "less culpable than most other participants" but had more than a "minimal" role in the offense.  *See id.* cmt. n.5.

We review for clear error a district court's determination that a defendant does not qualify for a minor role adjustment.  *See United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  The district court should

2

"measure the defendant's role" in the offense against: (1) "the relevant conduct for which [the defendant] was held accountable at sentencing" and (2) "the other participants, to the extent that they are discernable, in that relevant conduct." *See id.* at 940, 945.

Here, in denying Rameriz-Rodriguez a mitigating role reduction, the district court considered both *De Varon* prongs and reached a conclusion supported by the record. *See id.* at 947 ("So long as the district court's conclusion as to defendant's role in the offense is supported by the record, and the court has resolved any disputed factual issues . . . , a simple statement of the district court's conclusion is sufficient."). Rameriz-Rodriguez failed to bear his burden under either prong of the *De Varon* analysis. *See id.* at 939 ("The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence.").

First, Rameriz-Rodriguez has not shown that he played a minor role as compared to the conduct for which he was held accountable at sentencing. *See id.* at 945. Even though Rameriz-Rodriguez's co-conspirators—rather than Rameriz-Rodriguez himself—restrained the victim and had a knife during the robbery, Rameriz-Rodriguez initiated the chain of events that resulted in the restraint and robbery with a knife present. In fact, Rameriz-Rodriguez participated in the relevant conspiracy from beginning to end: he identified the potential victim,

3

notified the purported leader of the conspiracy of that identification, served as a lookout during the robbery, helped with the vehicle exchange after the robbery, and profited from the robbery. *See id.* at 944 ("Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense.").

Second, Rameriz-Rodriguez also has not shown that he "was less culpable than *most other participants* in [the] relevant conduct" because he initiated the relevant offense by identifying the victim and contacting the purported leader of the conspiracy, served as a lookout during the robbery, helped exchange vehicles after the robbery, and profited from the robbery. *See id.* ("The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants.").

Thus, Rameriz-Rodriguez has not shown he was entitled to a minor-role reduction, and the district court did not clearly err in declining to reduce his offense level on that basis.

## II. Procedural and Substantive Reasonableness

Rameriz-Rodriguez next challenges the reasonableness of his within-Guidelines sentence.

We review the district court's sentencing decision for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The district court must consider the sentencing factors outlined in 18 U.S.C. § 3553(a) and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." *See* 18 U.S.C. § 3553(a); *accord Gall*, 552 U.S. at 50 n.6, 128 S. Ct. at 596 n.6; *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Here, Rameriz-Rodriguez's sentence was both procedurally and substantively sound. The district court correctly calculated the applicable Guidelines range, "treat[ed] the Guidelines as" advisory, "consider[ed] the § 3553(a) factors," did not select Rameriz-Rodriguez's sentence "based on clearly erroneous facts," and "adequately explain[ed]" the sentence. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597; *Gonzalez*, 550 F.3d at 1324 ("An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice.").

The district court fully considered the § 3553(a) factors, including Rameriz-Rodriguez's family and criminal history, the need for deterrence, the nature of the

5

violent offense, and Rameriz-Rodriguez's role in the offense.  *See* 18 U.S.C. § 3553(a)(2); *Gonzalez*, 550 F.3d at 1324 ("We will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment and has imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." (internal quotation marks omitted)).  The district court also considered Rameriz-Rodriguez's arguments regarding sentencing disparities and the conditions of his pretrial confinement.  *See Gall*, 552 U.S. at 53–56, 128 S. Ct. at 599–600 ("Since the [d]istrict [j]udge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."); *Gonzalez*, 550 F.3d at 1324 ("The review for substantive unreasonableness involves examining the totality of the circumstances . . . .").

Ultimately, the district court's sentence was not "outside the range of reasonable sentences dictated by the facts of the case."  *See Gonzalez*, 550 F.3d at 1324 (internal quotation marks omitted) ("We ordinarily expect a sentence within the Guidelines range to be reasonable, and the appellant has the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors.").  Further, the total sentence imposed was "well below" the statutory maximum, which is also a factor indicating reasonableness.  *See id.*; 18 U.S.C. §

6

1951(a). Accordingly, the district court did not abuse its substantial discretion in imposing this within-Guidelines sentence.

### III. Conclusion

Upon careful review of the record and consideration of the parties' briefs, we conclude the district court neither clearly erred in declining to apply a minor-role reduction, nor abused its discretion in imposing a total 70-month sentence.

**AFFIRMED.**